IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 DEC -7 PM 2:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 07 1999

DIANA KNAPP, on behalf of )
ALLISON KNAPP, a minor )
 )
    Plaintiff, )
 ) CIVIL ACTION NUMBER
v. )
 ) 98-C-2326-S
BIRMINGHAM JEFFERSON )
CONVENTION COMPLEX )
 )
    Defendant. )

## MEMORANDUM OPINION
## GRANTING SUMMARY JUDGMENT

    On September 15, 1998, Plaintiff Diana Knapp brought this action under the public accommodation provision of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and state law, against defendant Birmingham Jefferson Convention Complex("BJCC"). Pending before the Court is defendant's Motion of Summary Judgment. Upon consideration of all submitted materials, this Court concludes that material facts are undisputed and that the Defendant is entitled to summary judgment as a matter of law.

    The gravamen of plaintiff's complaint is that she was allegedly denied the full and equal enjoyment of the facilities and accommodations of the BJCC. She brought her suit, however, under the public accommodation provision of Title III of  the

Americans with Disabilities Act. Under the ADA, a public accommodation is "a facility operated by a private entity, whose operation affect commerce." 28 C.F.R. § 36.104 (1999). A private entity is defined as "any entity other than a public entity (as defined in section 12131(1) of this title)." 42 U.S.C. § 12181(6). Section 12131(1) defines a public entity as the following:

(A)  any State or local government;

(B)  any department agency, special purpose district, or other instrumentality of a State or States or local government; and

(C)  the National Railroad Passenger Corporation, and any commuter authority . . .

42 U.S.C. § 12131(1)

It is undisputed that the BJCC is a public instrumentality of the State of Alabama, and therefore, not subject to the public accommodation provisions of Title III of the ADA.

Based on the foregoing, there being no disputable issue of fact, summary judgment shall be granted in favor of defendant Birmingham Jefferson Convention Complex by separate order.

DONE the 30th day of November, 1999.

UNITED STATES DISTRICT JUDGE
U.W. CLEMON